**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HORVATH TOWERS III, LLC, | : | No. 4:16-CV-00421 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| ZONING HEARING BOARD OF | : | |
| MONTOURSVILLE BOROUGH, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

October 18, 2016

Before the Court for disposition is Defendant Zoning Hearing Board of

Montoursville Borough's ("Defendant") Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6).[1]  For the following reasons, Defendant's Motion

to Dismiss will be granted in part and denied in part.

## I.    BACKGROUND[2]

Plaintiff Horvath Towers III, LLC ("Plaintiff") is a Delaware limited

liability corporation which specializes in the ownership, operation, construction,

and maintenance of wireless communication towers.[3]  Specifically, Plaintiff

regularly leases real estate on which it constructs towers, and thereafter sublets

---

[1]  Defs.' Mot. to Dismiss (ECF No. 11).
[2]  For purposes of this Motion to Dismiss, the allegations presented in Plaintiffs' Complaint will be taken as true, and all inferences will be construed in the light most favorable to Plaintiffs.
[3]  Compl. (ECF No. 1) ¶¶ 1, 5, at 1,3.

tower usage to FCC-licensed personal wireless service providers such as Limitless Wireless and Verizon Wireless.[4]  Construction of these wireless towers is necessary to house antennae and related equipment essential to the seamless provision of wireless telephone services and high-speed data internet services.[5] The antennae and related equipment located within a single wireless tower constitute a "cell site," with the surrounding area of service provided known as a "cell."[6]  Cells, in turn, must continuously overlap in a fashion approximating a honeycomb to provide dependable service.[7]  Any mobile telephone call must occur within two miles of a cell site to guarantee a reliable connection and avoid the frustration of interrupted service.[8]

The events giving rise to this Complaint began on September 20, 2013 with the consummation of a lease agreement between Plaintiff and the Willing Hand Hose Company No. #1, Inc.[9]  This lease permitted Plaintiff to erect a 145-foot stealth monopole tower at Willing Hand Hose Company's 821 Broad Street, Montoursville, Pennsylvania property.[10]  Within the proposed tower at various locations up and down its expanse, numerous antennae were to be concealed to ensure wireless communications services while preserving the tower's flag pole-

---

[4]  Id. ¶¶ 6–8, at 3.
[5]  Id. ¶ 11, at 4.
[6]  Id.
[7]  Id. ¶ 12, at 4.
[8]  Compl. ¶ 13, at 4.
[9]  Id. ¶ 17, at 5–6.
[10]  Id. ¶¶ 19, 22, at 6.

like disguise.[11]  This cell tower, and its related equipment, would occupy a total area within the property of 48-feet by 72.92-feet.[12]  The governing Lease agreement is effective for an initial ten-year period, with three options to renew for five years, succeeded by one additional four-year option to renew.  Following the expiration of a possible 29 year term, full possession of the area would return to Willing Hand Hose Company No. #1, Inc., and the cell tower would be removed.[13]

Construction of this cell tower in accord with the lease agreement, however, would be in contravention of the Borough of Montoursville's zoning ordinances as enforced by Defendant Zoning Hearing Board.  Specifically, within the zoning district in which the proposed cell tower was to be constructed—Broad Street Commercial Zoning District (BSC Zoning District), Section 10.2.2.1 of the Montoursville Borough Zoning Ordinance authorizes communication towers by "Conditional Use" when operated for "Government Use only."[14]  "Non-government Use Only" communication towers, such as the proposed cell tower here, are restricted to two of Montoursville's ten zoning districts—the Recreation (R) District and the Industrial (I) District.[15]

Because of the restriction this ordinance placed on the construction of the cell tower, Plaintiff, on March 13, 2015, filed an application both challenging the

---

[11] Id. ¶ 22.
[12] Id. ¶ 19.
[13] Compl. ¶ 21–22, at 6.
[14] Id. ¶ 25, at 7.
[15] Id. ¶ 26, at 7

validity of the Section 10.2.2.1 Ordinance, and requesting dimensional variances

from the ordinance which would permit the construction of the cell tower.[16]

Plaintiff challenged the ordinance on grounds that (1) logistical and additional

zoning restrictions on the placement of communication towers in the Recreation

(R) District and Industrial (I) District create a *de facto* prohibition of a "non-

Government Use Only" tower, and (2) the restriction set forth in Section 10.2.2.1

unconstitutionally confines communication towers to those that are for

"Government Use Only."[17]

Defendant subsequently held hearings on June 9, 2015, July 22, 2015, and

November 24, 2015, and allowed for the introduction of evidence pertaining to

these challenges.[18]  On February 9, 2016, Defendant denied Plaintiff's application

in its entirety, thus preventing the construction of the proposed cell tower.[19]

On March 9, 2016, Plaintiff filed a complaint against Defendant Zoning

Hearing Board of Montoursville Borough.[20]  Plaintiff's Complaint asserted the

following three claims against Defendant: (1) a violation of Section 704 of the

Telecommunications Act of 1996 ("TCA") for lack of "substantial evidence"

supporting Defendant's decision; (2) a violation of Section 704's prohibition

against "unreasonable discrimination" among providers of functionally equivalent

---

[16] Id. ¶¶ 28–29, at 7–9.
[17] Id.
[18] Id. ¶ 30–31, at 9–12.
[19] Compl. ¶ 32, at 13.
[20] Compl. (ECF No. 1).

4

services; and (3) an appeal under state law concerning Defendant's zoning

decision.[21]  On May 3, 2016, Defendant filed a Motion to Dismiss under Federal

Rule of Civil Procedure 12(b)(6) seeking the dismissal of Plaintiff's Complaint in

its entirety.[22]  This Motion has since been fully briefed, and the issue is now ripe

for this Court's disposition.

## II.  DISCUSSION
### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a

motion to dismiss for "failure to state a claim upon which relief can be granted."

Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation

by dispensing with needless discovery and factfinding."[23]  "Rule 12(b)(6)

authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[24]

This is true of any claim, "without regard to whether it is based on an outlandish

legal theory or on a close but ultimately unavailing one."[25]

Beginning in 2007, the Supreme Court of the United States initiated what

some scholars have termed the Roberts Court's "civil procedure revival" by

significantly tightening the standard that district courts must apply to 12(b)(6)

---

[21] Id. ¶¶ 38, 52, & 58, at 14, 17, & 19.

[22] ECF No. 11.

[23] In re Hydrogen Peroxide Litigation, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.)
   (quoting Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook,
   J.)). Neitzke v. Williams, 490 U.S. 319, 326–27 (1989).

[24] Neitzke, 490 U.S. at 326 (citing Hishon v. King & Spalding, 467 U. S. 69, 73 (1984)).

[25] Neitzke, 490 U.S. at 327.

motions.[26]  In two landmark decisions, <u>Bell Atlantic Corporation v. Twombly</u> and

<u>Ashcroft v. Iqbal</u>, the Roberts Court "changed . . . the pleading landscape" by

"signal[ing] to lower-court judges that the stricter approach some had been taking

was appropriate under the Federal Rules."[27]  More specifically, the Court in these

two decisions "retired" the lenient "no-set-of-facts test" set forth in <u>Conley v.

Gibson</u> and replaced it with a more exacting "plausibility" standard.[28]

Accordingly, after <u>Twombly</u> and <u>Iqbal</u>, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"[29]  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."[30]  "Although the

plausibility standard does not impose a probability requirement, it does require a

pleading to show more than a sheer possibility that a defendant has acted

unlawfully."[31]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of

---

[26]  Howard M. Wasserman, <u>The Roberts Court and the Civil Procedure Revival</u>, 31 Rev. Litig. 313 (2012).

[27]  550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, <u>supra</u> at 319–20.

[28]  <u>Iqbal</u>, 556 U.S. at 670 (citing <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)) ("[a]cknowledging that <u>Twombly</u> retired the <u>Conley</u> no-set-of-facts test").

[29]  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).

[30]  <u>Iqbal</u>, 556 U.S. at 678.

[31]  <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 786 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

6

[wrongdoing]."[32]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33]  No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[34]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[35]  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[36]  "After Iqbal, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[37]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[38]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by Twombly and Iqbal, a

---

[32] Twombly, 550 U.S. at 556.
[33] Iqbal, 556 U.S. at 679.
[34] Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (internal quotations omitted)).
[35] Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[36] Iqbal, 556 U.S. at 678 (internal citations omitted).
[37] Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).
[38] Iqbal, 556 U.S. at 678.

court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[39]

## B. Analysis

Based on a review of the factual allegations of the Complaint read in conformity with the Twombly-Iqbal standard of pleading, the Court determines that Plaintiff has alleged facts sufficient to make "plausible on its face" its claim under the "substantial evidence" provision of the TCA and its state law-based zoning appeal.  To that extent, then, the Motion to Dismiss is denied.

Plaintiff, however, has failed to adduce facts which, when read in the light most favorable and with an assumption of veracity, make plausible its claim under the "unreasonable discrimination" provision of the TCA.  This claim will, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

The Telecommunications Act of 1996 created "a pro-competitive, de-regulatory national policy framework designed to rapidly accelerate private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening all telecommunications markets to

---

[39]  Connelly, 809 F.3d at 787 (internal quotations and citations omitted).

competition."[40]  The TCA accomplished this end by lessening the traditional

deference paid to state and local authorities in favor of advancing the development

of telecommunications facilities.[41]  Specifically, the TCA provides numerous

statutory protections to an applicant seeking from a state or local authority either a

permit or rezoning in order to construct a wireless facility.[42]  Of those protections,

Plaintiff in the instant case seeks relief under the "substantial evidence," and the

"unreasonable discrimination" provisions of Section 704.  The sufficiency of these

claims in light of Defendant's Motion to Dismiss will be examined below.

> **1.  Plaintiff Has Alleged a Plausible Claim Under the "Substantial Evidence" Provision of Section 704 of the Telecommunications Act of 1996.**

Following the three step procedure outlined by the Third Circuit in <u>Connelly</u>

<u>v. Lane Const. Corp.</u>, the Court concludes that Plaintiff has alleged within its

complaint sufficient facts to make its claim under the "substantial evidence"

provision of the TCA plausible on its face.

The "substantial evidence" provision, codified at 47 U.S.C.

§ 332(c)(7)(B)(iii), requires that any decision by a state or local governing body be

both in writing and supported by "substantial evidence" within the written record.[43]

---

[40]  <u>APT Pittsburgh Ltd. P'ship v. Penn Tp.</u>, 196 F.3d 469, 473 (3d Cir. 1999) (quoting H.R. Conf. Rep. No. 104–458 (1996), reprinted in 1996 U.S.C.C.A.N. 10, 1124).
[41]  <u>Global Tower, LLC v. Hamilton Tp.</u>, 897 F.Supp.2d 237, 250 (M.D.Pa. 2012) (Caputo, J.) (quoting <u>Ogden Fire. Co. No. 1 v. Upper Chichester Twp.</u>, 504 F.3d 370, 379 (3d Cir. 2007)).
[42]  <u>See generally</u> 47 U.S.C. § 332(c).
[43]  47 U.S.C. § 332(c)(7)(B)(iii).

"Substantial evidence," a legal term of art, requires "more than a scintilla of evidence, but less than a preponderance."[44]  When making the ultimate determination of whether "substantial evidence existed to support a denial by a state or local authority, the Court must find "such evidence as a reasonable mind might accept as adequate to support a conclusion."[45]  Such a determination must be based on the entire record and take into account evidence unfavorable to the agency's decision.[46]  When conflicting evidence is present, the factfinder must have adequately explained its reasoning for rejecting or discrediting otherwise competent evidence.[47]

Plaintiff alleges that Defendant Zoning Hearing Board lacked substantial evidence when it denied Plaintiff's application challenging the ordinance as *de facto* exclusionary, a violation of the TCA, and as an unconstitutionally invalid exercise of zoning authority.[48]  Plaintiff specifically asserts that Defendant (1) made findings of fact not supported by substantial evidence, (2) gave weight to and deemed certain evidence credible that a reasonable person could not have accepted

---

[44] Global Tower, LLC, 897 F.Supp.2d at 251(citing Omnipoint Commc'ns Enters., L.P. v. Zoning Hearing Bd., of Easttown Twp., 248 F.3d 101, 106 (3d Cir. 2001)).

[45] Id.

[46] Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Twp., 181 F.3d 403, 408 (3d Cir. 1999)(citing Am. Textile Mfr. Inst., Inc. v. Donovan, 452 U.S. 490, 523 (1981)).

[47] Global Tower, 897 F.Supp.2d at 251(citing Cellular Tel. Co. v. Zoning Bd. of Adjustment of the Borough of Ho–Ho–Kus, 197 F.3d 64, 71 (3d Cir. 1999)).

[48] Compl. ¶¶ 39–43, at 14–15.

as credible, and (3) ignored otherwise uncontradicted evidence.[49]  Defendant, in

turn, argues for dismissal of this claim based on a finding that substantial evidence

supported Defendant's decision to deny the application in its entirety.

Because the entire factual record upon which Defendant based its decision is

not presented, the Court cannot make the determination sought by Defendant

concerning the sufficiency of evidence upon which it based its denial of Plaintiff's

application.[50]  While Plaintiff has attached to its Complaint a copy of the Zoning

Hearing Board of Montoursville's Written Decision which contains reference to

some of the evidence presented at the hearings, the Complaint makes reference to

thirteen exhibits presented to Defendant.[51]  These exhibits, hearing transcripts, and

any other evidence consisting of the full factual record presented to Defendant at

the hearing are necessary for a determination at the summary judgment stage as to

whether "substantial evidence" supported Defendant's denial.[52]  At this stage of the

litigation, however, Plaintiff, through its factual averments questioning the

sufficiency of evidence and reference to exhibits supporting its position, has

---

[49]  Id. ¶¶ 40–42, at 15.

[50]  USCOC of Greater Missouri, L.L.C. v. Village of Marlborough, Missouri, 618 F.Supp.2d
1055, 1064 (E.D.Mo. 2009) (denying a motion to dismiss plaintiff's claim under the substantial
evidence provision where the Court lacks the full record of the proceeding).

[51]  Compl. ¶ 31, at 9–12.

[52]  While a presentation of the entire factual record is necessary to determine the existence of
substantial evidence supporting Defendant's decision, the Court notes that evidence beyond this
record or in any way bolstering the evidence presented is not permitted. APT Pittsburgh Ltd.
P'ship, 32 F.Supp.2d at 795 (concluding that the TCA does not contemplate the establishment of
a discovery period).

satisfied the <u>Twombly–Iqbal</u> plausibility requirements concerning both its *de facto* exclusionary and constitutional challenges.  Defendant's Motion to Dismiss this claim will therefore be denied as to Plaintiff's TCA claim under the "substantial evidence" provision.

> **2. Plaintiff Has Not Alleged a Plausible Claim Under the "Unreasonable Discrimination" Provision of Section 704 of the Telecommunications Act of 1996.**

Plaintiff has failed to state a plausible claim for relief under the "unreasonable discrimination" provision of Section 704.

The TCA "unreasonable discrimination" provision prohibits a state or local authority from unreasonably discriminating "among providers of functionally equivalent services."[53]  To establish a plausible claim for relief under this provision, a plaintiff must allege sufficient facts indicating: (1) that defendants discriminated against them in favor of another provider of functionally equivalent services, and (2) that such discrimination was "unreasonable."[54]  The TCA contemplates that some discrimination is allowed so long as it is "reasonable."[55]

Here, even when viewing all allegations of its complaint in a light most favorable, Plaintiff has failed to allege a plausible claim under the TCA "unreasonable discrimination" provision.  Plaintiff specifically claims that

---

[53] 47 U.S.C. § 332(c)(7)(B)(i)(I).
[54] <u>Global Tower, LLC</u>, 897 F.Supp.2d at 254.
[55] <u>Id.</u>

Defendant ran afoul of this provision by discriminating, within the zoning district of the proposed tower, between "Government Use Only" and "Non Government Use Only" cell towers.[56]  This factual allegation, however, fails to indicate that Plaintiff has been discriminated against in favor of a provider of a functionally equivalent service.  In Omnipoint Communications, Inc. v. City of Scranton, the Honorable Thomas I. Vanaskie formerly of this Court addressed a plaintiff's argument that the defendant city violated the "unreasonable discrimination" provision by potentially allowing public utilities to construct telephone poles and wires while prohibiting wireless communication towers in the same zoning district.[57]  In rejecting this argument, Judge Vanaskie wrote that the legislative history of the TCA indicated that the unreasonable discrimination provision applied only to discrimination among wireless service providers.[58]

In the matter at hand, Plaintiff has failed to allege that Defendant discriminated in favor of another wireless service provider.  Instead, Plaintiff appears to allege unreasonable discrimination based upon the ordinance's government versus non-government use distinction.  This allegation fails as a

---

[56] Compl. ¶ 51, at 17.

[57] Omnipoint Commc'ns, Inc. v. City of Scranton, 36 F.Supp.2d 222, 234 (M.D.Pa. 1999) (Vanaskie, J.).

[58] Id. (quoting H.R.Conf.Rep. No. 104–458, 104th Cong., 2d Sess. 208 (1996), 1996 U.S.C.C.A.N. 124, 221–22) ("While utilizing the term 'functionally equivalent services' the conferees are referring only to personal wireless services as defined in this section that directly compete against one another.").

matter of law to establish a plausible claim,[59] and will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 3. Plaintiff Has Alleged a Plausible State Law-Based Zoning Appeal Under the Municipalities Planning Code.

Because this Court has found plausibility concerning Plaintiff's TCA "substantial evidence" claim, the same result is logically required for Plaintiff's analogous state-law based zoning appeal.

Under Pennsylvania law, court review of a zoning board's decision is limited to the determination of whether the board has committed an abuse of discretion or an error of law.[60]  In order to determine whether the board has abused its discretion, a court must determine whether the decision is supported by "substantial evidence."[61]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[62]

In the above discussion concerning Plaintiff's claim under the "substantial evidence" provision of the TCA, I indicated that, although I could not determine

---

[59] USCOC of Greater Missouri L.L.C., 618 F.Supp.2d at 1063 (dismissing a claim under the "unreasonable discrimination" provision where plaintiff failed to allege that another wireless service provider was granted a permit over plaintiff); Sprint Spectrum L.P. v. Board of Zoning Appeals of Town of Brookhaven, 244 F.Supp.2d 108, 117 (E.D.N.Y. 2003) (granting summary judgment in the absence of evidence that defendant allowed another wireless service provider to construct a monopole in the same proposed site area as plaintiff's proposed tower).

[60] Hertzberg v. Zoning Bd. of Adjustment, 721 A.2d 43, 46 (1998) (citing Larsen v. Zoning Bd. of Adjustment, 672 A.2d 286, 288 (1996)).

[61] Albert v. Zoning Hearing Bd. of North Abington Tp., 854 A.2d 401, 446 (Pa. 2004).

[62] Hertzberg, 721 A.2d at 46 (citing Valley View Civic Ass'n v. Zoning Bd. of Adjustment, 501 Pa. 550, 555, 462 A.2d 637 (1983)).

whether substantial evidence supported Defendant's denial of Plaintiff's application, Plaintiff had nevertheless established a plausible claim for relief. Because the determination of a zoning appeal requires an identical determination concerning the presence of supporting substantial evidence, logic dictates the same finding, i.e. a plausible claim for relief from Defendant's zoning denial has been alleged.  This claim can be most effectively determined at the summary judgment stage of litigation when the Court benefits from a review of the full factual record.

## III.    CONCLUSION

Based on the above discussion, Defendant's Motion to Dismiss will be granted in part and denied in part.  The Motion is granted with respect to Plaintiff's claim under the "unreasonable discrimination" provision of the TCA, at 47 U.S.C. § 332(c)(7)(B)(i)(I).  The Motion is denied with respect to the remaining two claims contained within Plaintiff's Complaint.

An appropriate Order follows.


BY THE COURT:


__ s/ Matthew W. Brann_____
Matthew W. Brann
United States District Judge