# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORVATH TOWERS III, LLC, | No. 4:16-CV-00421 |
| Plaintiff. | (Judge Brann) |
| v. | |
| ZONING HEARING BOARD OF MONTOURSVILLE BOROUGH, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 12, 2018

Plaintiff, Horvath Towers III, LLC, and Defendant, the Zoning Hearing Board of Montoursville Borough, filed cross motions for summary judgment. For the reasons that follow, Plaintiff's motion is denied and Defendant's motion is granted.

## I.   BACKGROUND

Horvath Towers III, LLC ("Horvath"), constructs communications towers and leases use of those towers to cell phone companies.[1] In 2013, Horvath leased land from the Willing Hand Hose Company in the Borough of Montoursville,

---

[1] ECF No. 25 (Statement of Material Facts) ¶ 1; ECF No. 30 ¶ 1.

Lycoming County, Pennsylvania, in order to construct such a tower, intending to lease use of that tower to Verizon Wireless and Limitless Wireless.[2]

Montoursville is divided into ten zoning districts,[3] and the land leased by Horvath is located in what is called the Broad Street Commercial ("BSC") Zoning District.[4] Under the Montoursville Zoning Ordinance, only government-use communications towers are permitted in the BSC Zoning District.[5] Non-government-use towers, such as the tower planned by Horvath, are permitted only in the Recreation Zoning District and the Industrial Zoning District.[6]

On March 12, 2015, Horvath filed an application challenging the validity of the Ordinance, claiming (1) that it created a *de facto* prohibition on non-government-use communications towers in the borough, and (2) that it drew an impermissible distinction between government-use and non-government-use communications towers.[7] The Zoning Hearing Board ("Board") held three

---

[2]  ECF No. 25 (Statement of Material Facts) ¶¶ 1, 3-7; ECF No. 30 ¶¶ 1, 3-7.
[3]  ECF No. 25, Ex. A-4 ¶ 3.1.
[4]  ECF No. 25 (Statement of Material Facts) ¶ 8; ECF No. 30 ¶ 8.
[5]  ECF No. 25, Ex. A-4, art. 10.2.2.1.
[6]  *Id.*, art. 4.2.2.3, 11.2.2.4.
[7]  ECF No. 25, Ex. A-1.B.

hearings on this application,[8] and released a written decision rejecting those arguments and denying Horvath's application on February 9, 2016.[9]

One month later, Horvath initiated the instant suit by filing a three-count complaint.[10] Counts I and II were brought under the Telecommunications Act of 1996, and Count III was styled as a "State Law Zoning Appeal."[11] The Zoning Board filed a motion to dismiss Count II, which this Court granted on October 18, 2016.[12]

On June 22, 2017, the parties filed cross-motions for summary judgment. In its motion, Horvath repeats the two arguments from its application, alleging that the Board's rejection of its Ordinance challenge violates federal and state law. The Zoning Board argues that its rejection was legally sound.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] A dispute is "genuine if a reasonable trier-of-fact could find in

---

[8] ECF No. 25 (Statement of Material Facts) ¶ 11; ECF No. 30 ¶ 11.
[9] ECF No. 25, Ex. F.
[10] ECF No. 1.
[11] *Id.* ¶¶ 34-59.
[12] ECF No. 17.
[13] Federal Rule of Civil Procedure 56(a).

favor of the non-movant," and "material if it could affect the outcome of the case."[14] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[15] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[16]

### B. Whether Horvath's Claims Properly Fall under the Telecommunications Act of 1996

Horvath argues that the Zoning Board's actions violate the Telecommunications Act of 1996.

Title 47 of U.S.C. § 332(c)(7)(B)(iii) states that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." The United States Court of Appeals for the Third Circuit has noted that this provision "is intended to provide procedural protections with respect to determinations of factual issues made by a state or local authority in the course of applying state and local zoning law."[17] On the other hand, that court has indicated that the provision is *not* intended as a

---

[14] *Lichtenstein v. University of Pittsburgh Medical Center*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986)).

[15] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[16] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[17] *APT Pittsburgh Ltd. P'ship v. Penn Twp. of Butler Cty.*, 196 F.3d 469, 474 (3d Cir. 1999).

vehicle through which to challenge a zoning board's determination of a legal issue.[18]

Both of Horvath's challenges to the Zoning Board's decision are challenges to that board's determination of a legal issue, see *infra*. Therefore, they will be analyzed under the proper state law framework and not under the Telecommunications Act of 1996, and judgment will be entered in favor of the Zoning Board on Count I of Horvath's Complaint.

### C. Whether the Ordinance Creates a *De Facto* Exclusion of Non-Government Use Communications Towers in Montoursville

Horvath argues that the Ordinance creates a *de facto* exclusion of non-government-use communications towers in Montoursville.

Under Pennsylvania law, zoning ordinances are presumed to be "valid and constitutional," and there is a "heavy burden on anyone challenging the ordinance to prove" otherwise.[19] This presumption, however, "can be overcome by proof that the ordinance totally excludes an otherwise legitimate use."[20] Such exclusion can be *de jure*—where "the ordinance, on its face, totally bans a legitimate use"—or *de*

---

[18] *Id.* (holding that, because "[a] decision on the 'exclusivity' of a zoning ordinance under the Pennsylvania Constitution is a legal issue that is not subject to deferential judicial review," such a decision is not "the kind of decision that Congress had in mind when it passed [47 U.S.C. §] 332(c)(7)(B)(iii)").

[19] *Id.* at 475.

[20] *Id.*

*facto*—where the "ordinance permits a use on its face, but when applied acts to prohibit the use throughout the municipality."[21]

Horvath has failed to successfully carry its "heavy burden" here. First of all, a non-government-use communications tower *already exists* in the municipality.[22] Second of all, Horvath's own witnesses admitted that there was no exhaustive canvass of the Recreation and Industrial Zoning Districts for a possible communications tower site, and that it "is, in fact, possible to build a tower in the [R]ecreation [Zoning] District."[23] Therefore, this Court cannot conclude that the Ordinance "effectively precludes any service provider from building a functional tower in"[24] Montoursville, and this state law claim fails.

### D. Whether the Ordinance Draws an Impermissible Distinction Between Government-Use and Non-Government-Use Communications Towers

Under Pennsylvania law, a party may challenge a zoning ordinance by showing that it does not "bear a rational relationship to the health, safety, and general welfare of a community."[25] Here, Horvath argues that the Ordinance's distinction between government-use and non-government use communications towers—*i.e.*, the fact that non-government use towers are limited to the Recreation

---

[21] *Id.*

[22] ECF No. 25, Ex. D (Transcript of July 22, 2015 Hearing) at 35, 50.

[23] *Id.* at 51, 147.

[24] *APT Pittsburgh*, 196 F.3d at 478.

[25] *Mahony v. Twp. of Hampton*, 539 Pa. 193, 195 (1994).

and Industrial Zoning Districts, while government-use towers are permitted in other districts—is an irrational and unreasonable distinction between those two types of towers.

To support its argument, Horvath relies on a number of cases from Pennsylvania state courts; these cases, however, only stand for the proposition that a zoning ordinance cannot discriminate on the basis of *ownership*.[26] Here, the ordinance discriminates on the basis of *use* and is supported by reason. A municipality, after all, is entitled to decide that it wants to reduce certain intrusive uses, like communications towers, while allowing them when they are used to benefit the community at large—*e.g.*, when they are used by police or first responders.[27] This state law claim, then, also fails.

Because both of Horvath's state law claims fail, judgment will be entered in favor of the Zoning Board on Count III.

---

[26] *Keener v. Ralpho Twp. Zoning Hearing Bd.*, 79 A.3d 1205 (Pa. Commw. Ct. 2013) (ordinance distinguished between commercial and non-commercial banquet facilities); *Ludwig v. Zoning Hearing Bd. of Earl Twp.*, 658 A.2d 836 (Pa. Commw. Ct. 1995) (ordinance distinguished between for-profit and non-profit golf driving ranges); *Mahoney v. Twp. of Hampton*, 539 Pa. 193 (1994) (ordinance distinguished between privately-owned and publicly-owned gas wells).

[27] *Klein v. Council of the City of Pittsburgh*, 643 A.2d 1107 (Pa. Commw. Ct. 1994) (upholding zoning ordinance that distinguished between helicopter landing areas depending on whether they were for "public use," "general private use," or "medical private use").

## III. CONCLUSION

For the reasons discussed *supra*, Horvath's Motion for Summary Judgment will be denied, and the Zoning Board's Motion for Summary Judgment will be granted. Judgment will be entered in favor of the Zoning Board on Counts I and III of Horvath's Complaint, and the case will be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge